J-S16029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN SULLIVAN | : | |
| | : | |
| Appellant | : | No. 2675 EDA 2019 |

Appeal from the PCRA Order Entered August 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014636-2011

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 4, 2020**

Sean Sullivan appeals *pro se* from the denial of his second petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Specifically, he claims that the PCRA court provided inadequate notice of its intent to dismiss, and thereafter erred when it dismissed his petition as untimely. However, Sullivan filed his petition more than one year after his judgment of sentence became final and he has not pleaded and proven any of the three exceptions to the PCRA time-bar. Therefore, we affirm.

On March 1, 2013, following a bench trial, the court convicted Sullivan of third degree murder[1] and related offenses. The conviction arose from a multi-person prison attack wherein Sullivan and three associates, all inmates, attacked five other inmates with various weapons resulting in the stabbing

---

[1] 18 Pa.C.S.A. § 2502(c).

death of Earl Bostic. On May 10, 2013, the trial court sentenced Sullivan to an aggregate sentence of life without parole. This Court affirmed the judgment of sentence on April 17, 2015, and our Supreme Court denied the petition for allowance of appeal on December 8, 2015. Sullivan did not petition the United States Supreme Court for a writ of *certiorari*.

On October 3, 2016, Sullivan filed a timely first PCRA petition. The PCRA court appointed counsel, who filed a **Turner/Finley**[2] no merit letter and motion to withdraw as counsel. The PCRA court denied PCRA relief and granted counsel's motion to withdraw. This Court affirmed the order denying PCRA relief.

On October 25, 2018, Sullivan filed the instant *pro se*, second PCRA petition. The PCRA court issued notice of its intent to dismiss the petition pursuant to Rule of Criminal Procedure 907(1). Sullivan responded to the notice of intent to dismiss. The PCRA court dismissed the petition as untimely on August 26, 2019. This timely appeal followed.

Sullivan raises one question on appeal:

> Did the PCRA court commit an error of law by failing to adequately give [Sullivan] notice that his petition was untimely, whereas the 907 Notice stated "The issues raised in the original and amended post conviction relief act petition are without merit;" prejudice ensued where [Sullivan] could have sought leave to amend and address timeliness?

Sullivan's Br., at 4.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Prior to reaching the merits of Sullivan's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014).

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.
>
> A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

**Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa.Super. 2016) (case citations and some quotation marks omitted).

Sullivan's judgment of sentence became final on March 7, 2016, 90 days after our Supreme Court denied allowance of appeal and Sullivan did not petition the United States Supreme Court for a writ of *certiorari*. **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review . . . or at the expiration of time for seeking the review"); U.S. Sup. Ct. R. 13. Accordingly, Sullivan had until March 7, 2017, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). He filed the instant petition on October 25, 2018. Therefore, it was patently untimely and

the PCRA court lacked jurisdiction to review it unless Sullivan successfully pleaded and proved one of the statutory exceptions to the PCRA time-bar.

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super. 2007). "[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008).

In his petition, Sullivan invokes the newly discovered fact exception to the PCRA time bar. The newly discovered facts exception requires a petitioner to establish that 1) "the facts upon which the claim was predicated were unknown" and 2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Further, a "petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super.

- 4 -

2010). Notably, "[t]he focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation, emphasis, and internal quotation marks omitted).

Here, Sullivan claimed to be eligible for the newly discovered fact exception to the PCRA time-bar on account of his newly discovering an affidavit from a man named Alvin Lloyd who averred that he witnessed the prison fight, and Sullivan was on the upper floor of the prison at the time— away from the assault. Therefore, he claims he has pleaded and proven the exception to the PCRA time-bar. Additionally, Sullivan argues that the PCRA court erred when its 907(1) notice stated that it intended to dismiss his petition without a hearing based on lack of merit, and thereafter dismissed the petition as untimely. ***See*** Sullivan's Br. at 10-11.

Upon review, we conclude that Sullivan has not proven applicability of the newly discovered fact exception. The newly discovered "fact" on which Sullivan relies is Lloyd's affidavit stating that he saw Sullivan on the top tier of the prison when the fighting occurred on the lower tier. However, Sullivan fails to establish why he was not able to obtain Lloyd's testimony at the time of trial, or how his location—which he would have known at trial—should be considered a "newly discovered" fact. For these reasons, Lloyd's affidavit does not satisfy the newly discovered fact exception to the PCRA's time-bar. In addition, we conclude that the PCRA court's notation on its 907(1) notice of intent to dismiss constitutes harmless error. Sullivan's claim as set forth in his

petition could not be amended to meet the requisites of the newly discovered fact exception to the time-bar.[3]

The PCRA court properly concluded that it lacked jurisdiction to consider the merits of Sullivan's PCRA petition because it was untimely and does not fall under an exception to the PCRA time-bar. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/04/2020

---

[3] If Sullivan intended to attempt to establish either the newly discovered fact or one of the other two exceptions to the PCRA time bar by amending his petition to include an entirely new claim, he may do so by attempting to establish the applicability of that exception in a subsequent PCRA petition.